IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| DONALD R. JONES | § | |
| v. | § | CIVIL ACTION NO. 5:05cv116 |
| RONALD McDANIEL, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ORDER OF ADMINISTRATIVE CLOSING

The Plaintiff Donald Jones, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Jones' lawsuit complains of an incident which took place on January 15, 2005, involving an altercation with Texarkana police. Jones is currently awaiting trial on aggravated assault charges in connection with the same incident.

On June 1, 2006, the Magistrate Judge issued a Report recommending that the lawsuit be administratively closed pending resolution of the criminal charges pending against Jones. Lewis v. Beddingfield, 20 F.3d 123, 124 (5th Cir. 1994). Copies of this Report were sent to the parties, but no objections have been filed; accordingly, they are barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge and has determined that this Report is correct.  It is accordingly

ORDERED that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled civil action be and hereby is ADMINISTRATIVELY CLOSED and placed on an inactive docket, subject to reopening upon further order of the Court.  When the criminal charges pending against Jones have been resolved, either party may move that this civil rights lawsuit be reopened and placed upon the active docket.  The administrative closing of this case, pending resolution of these criminal charges, shall have no effect upon the substantive rights of any party to the case.  It is further

ORDERED that while the case is administratively closed, the Clerk shall accept no motions or other documents for filing in this case other than a motion to reopen or notification of change of status, such as a change of address or notice of appearance by counsel.  Any documents other than documents of this type shall be returned to the filing party by the Clerk.  Finally, it is hereby

ORDERED that any and all motions which may be pending in this cause at the present time are hereby DENIED without prejudice to their refiling when the case is reopened.

**SIGNED this 14th day of August, 2006.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE