IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| DONALD R. JONES | § | |
| v. | § | CIVIL ACTION NO. 5:05cv116 |
| RONALD McDANIEL, ET AL. | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

It is hereby ORDERED that the motion by the Defendants to reopen this lawsuit (docket no. 29) is GRANTED. The Clerk shall reopen this case and place it on the active docket.

The Plaintiff Donald R. Jones, proceeding *pro se*, filed this lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Jones says that in January of 2005, he and his wife were traveling from Hot Springs, Arkansas to Dallas, Texas, for a family visit. He says that they "encountered stares" in Arkadelphia, Arkansas, which he says was because he and his wife are an inter-racial couple. While leaving town, a police cruiser pulled in behind them and began to follow them; Jones says that he had "heard stories" of how inter-racial couples are treated in the South and so they decided to head for Texas, which they believed would be safer.

When they crossed into Texas, Jones says, they saw police at the state line, but continued on because the Arkansas state police were still present. They finally stopped at some apartments in Texarkana to talk about what to do.

While they were talking, a police officer, Ronald McDaniel, approached his car from the left rear. Jones says that the officer had his weapon drawn, and so Jones tried to flee. When he drew even with McDaniel, the officer began firing at him. Although his only "crime" was being a black man driving a luxury car in the company of a white woman, Jones says that he is being falsely accused of aggravated assault on a police officer, when he was the one who was fired upon.

The Magistrate Judge ordered that Officer McDaniel and the Texarkana police department be served with process, and answers to the lawsuit were filed. On June 1, 2006, the Magistrate Judge recommended that the lawsuit be administratively closed pending the outcome of the criminal charges against Jones. Lewis v. Beddingfield, 20 F.3d 123 (5th Cir. 1994). No objections to the Report were filed and the lawsuit was administratively closed on August 14, 2006.

On January 26, 2007, the Defendants filed motions asking that the lawsuit be reopened and that it be dismissed. The Defendants state that Jones had attempted to purchase drugs in Arkansas and led officers on a high-speed chase. Texas law enforcement officials joined in the chase at the Texas border, but Jones evaded them. He was finally located by McDaniel in the parking lot of an apartment complex in Texarkana. When McDaniel approached, Jones tried to run him over; the officer was injured and treated at a local hospital.

The Defendants state that Jones was arrested and charged with aggravated assault on a police officer and evading arrest. He pleaded guilty to aggravated assault on a public servant with serious bodily injury and evading arrest with a vehicle, receiving a sentence of five years in prison.

On April 9, 2007, the Magistrate Judge issued a Report recommending that the motion to reopen be granted and that the lawsuit be dismissed. The Magistrate Judge noted that in Heck v. Humphrey, 114 S.Ct. 2364 (1994), the Supreme Court said that in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions which would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a

federal court's issuance of a writ of habeas corpus under 28 U.S.C. §2254. Heck, 114 S.Ct. at 2372; Boyd v. Biggers, 31 F.3d 279, 281 (5th Cir. 1994). Where no such offer of proof is made, the plaintiff's claim has not yet accrued, and the lawsuit may be dismissed as frivolous. Boyd, 31 F.3d at 282.

The Fifth Circuit has explained that under Heck, the maturity of a Section 1983 claim depends on whether a judgment in the Plaintiff's favor would necessarily imply the invalidity of the criminal conviction. Hudson v. Hughes, 98 F.3d 868, 872 (5th Cir. 1996). In this case, the Magistrate Judge concluded that a holding in Jones' favor on his civil lawsuit would necessarily imply the invalidity of his conviction; the Magistrate Judge explained that Jones said that he did not endanger the officer, that he passed McDaniel some 20 to 30 feet away, and that he, not McDaniel, was the victim in the incident; were these facts to be proven in a civil lawsuit, Jones' conviction for aggravated assault of McDaniel would obviously be called into question.

As a result, the Magistrate Judge said, in order to proceed on his Section 1983 claims, Jones must show that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question through the issuance of a federal writ of habeas corpus. The Magistrate Judge therefore recommended that Jones' lawsuit be dismissed without prejudice until such a showing is made. Price v. City of San Antonio, 431 F.3d 890, 895 (5th Cir. 2005).

A copy of the Magistrate Judge's Report was sent to Jones at his last known address, return receipt requested, but no objections have been received; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has determined that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the motion to dismiss filed by the Defendants (docket no. 30) is GRANTED and the above-styled civil rights action be and hereby is DISMISSED without prejudice, with the refiling thereof conditioned upon a showing that the Plaintiff's criminal conviction for aggravated assault on a public servant has been overturned on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question through the issuance of a federal writ of habeas corpus. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 16th day of May, 2007.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE